## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 08-20139-01-KHV** |
| SAMUEL L. HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On February 3, 2009, a jury found defendant guilty of the crime of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  This matter is before the Court on Defendant Henderson's Motion For Judgment Of Acquittal Notwithstanding The Verdict Or, In The Alternative, For A New Trial And Suggestions In Support Thereof (Doc. #33) filed February 10, 2009 and defendant's *pro se* Motion For New Trial And To Set Aside The Judgment And Request For New Legal Counsel (Doc. #35) filed March 5, 2009.[1]  For reasons stated below, the Court overrules both motions.

### Standards For Motions For Judgment Of Acquittal

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses.  See Burks v. United States, 437 U.S. 1, 16 (1978).  Rather, the Court must "view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." United States v. White, 673 F.2d 299,

---

[1]       The Court notes that defendant also filed a motion for new counsel to represent him "in any and all further issues involving [his] case and especially for [his] appeal."  Doc. #36 at 2. The Court will hear that motion on **April 27, 2009.**

301 (10th Cir. 1982).  The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that could be drawn therefrom, in the light most favorable to the government.  See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986).  Acquittal is proper only if the evidence implicating defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a reasonable doubt."  White, 673 F.2d at 301; see United States v. Brown, 995 F.2d 1493, 1502 (10th Cir.) (evidence supporting conviction must be substantial and must not raise mere suspicion of guilt), cert. denied, 510 U.S. 935 (1993), overruled on other grounds by United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001).

### Standards For Motions For New Trial

Rule 33, Fed. R. Crim. P., provides that a motion for a new trial may be granted "if required in the interest of justice."  A motion for new trial under Rule 33 is not regarded with favor and is granted only with great caution.  See United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998).  The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court.  See id.

### Analysis

**I.     Evidence That Defendant Possessed A "Firearm"**

Defendant argues that the government presented insufficient evidence that he sold a "firearm" to an undercover agent.  A "firearm" is defined as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device."  18 U.S.C. § 921(a)(3).  The statute does not require the government to establish that the firearm was functional or in working order.  See United States v.

Abdul-Aziz, 486 F.3d 471, 477 (8th Cir. 2007) (rifle need not be operable); United States v. York, 830 F.2d 885 (8th Cir. 1987) (even inoperable gun with no firing pin and cylinder which did not line up properly with barrel satisfied Section 921(a)(3) because gun was designed to expel projectile), cert. denied, 484 U.S. 1074 (1988); United States v. Gonzalez, 800 F.2d 895, 899 (9th Cir. 1986) (no requirement that gun be loaded or operable).

Viewing the evidence in a light most favorable to the government, a reasonable jury could conclude that defendant sold a "firearm" to an undercover agent.  Special Agent Bruce Stuckey, who has 18 years experience as an ATF agent, identified the object which he purchased from defendant as a "firearm" and he compared the condition and price of the firearm to other firearms which agents typically purchase on the street.[2]  Agent Stuckey testified that a cooperating individual told him that "Laylow" had a .22 caliber pistol for sale and that Agent Stuckey could come to a local motel to purchase the firearm.  During the sale, Agent Stuckey put an ammunition clip or magazine in the pistol.  Agent Stuckey testified that he purchased a Smith & Wesson .22 caliber pistol from defendant.  Agent Stuckey's testimony – when combined with the actual pistol and ammunition which were admitted in evidence – was more than sufficient for a reasonable jury to find beyond a reasonable doubt that defendant sold a "firearm" to undercover agents.  See United States v. Hubert, 202 F.3d 264, 1999 WL 1131662, at *2 (5th Cir. Nov. 8, 1999) (based on gun admitted in evidence, jury made common-sense determination it was "firearm"); United States v. Adams, 137 F.3d 1298, 1299 n.2 (11th Cir. 1998) (sufficient evidence where firearm in evidence and pawn shop attendant

---

[2]        On cross examination, defense counsel did not ask Agent Stuckey whether the object was an actual "firearm" under the statute or otherwise attempt to challenge his testimony that defendant sold a firearm to agents.  On several occasions throughout trial, defense counsel himself referred to the object as a firearm.

testified that it was "12 gauge shotgun"); <u>United States v. Munoz</u>, 15 F.3d 395, 396 (5th Cir.) (sufficient evidence where firearm in evidence and witness testified he purchased "shotgun"), <u>cert. denied</u>, 511 U.S. 1134 (1994); <u>cf.</u> <u>White</u>, 673 F.2d at 301 (acquittal is proper only if evidence implicating defendant is nonexistent or so meager that no reasonable jury could find guilt beyond reasonable doubt). The Court therefore overrules defendant's motion for judgment of acquittal on this ground.

## II.    Evidence That Firearm Traveled in Interstate Commerce

Defendant argues that the government presented insufficient evidence that the firearm traveled in interstate commerce. At trial, Agent Stuckey testified that he was trained as an ATF interstate nexus expert and that he attended several training sessions in this regard. Agent Stuckey testified that as an interstate nexus expert, he is called upon to render opinions on the origin and manufacturing location of various firearms and that he relies on his experience, knowledge, training and extensive library and database of firearm manufacturers. Agent Stuckey testified that he determined that the firearm sold by defendant was manufactured in Massachusetts by Smith & Wesson and that this fact was confirmed by the "Smith & Wesson" and "Springfield, Massachusetts" stamps on the firearm. At trial, defendant did not dispute Agent Stuckey's qualifications as an expert on interstate nexus.

Numerous courts have considered opinion testimony of an ATF interstate nexus expert that a gun was manufactured in another state, and have held that such testimony is sufficient to establish that the firearm traveled in interstate commerce. <u>See, e.g.</u>, <u>United States v. Rivkin</u>, No. 07-41121, 2009 WL 22880, at *1 (5th Cir. Jan. 5, 2009) (based on manufacturer names marked on firearms, undisputed testimony of ATF interstate nexus expert sufficient to establish that firearms traveled in

interstate commerce); <u>United States v. Vasser</u>, 163 Fed. Appx. 374, 376 (6th Cir. 2006) (ATF agent with six years experience qualified to testify where firearms were manufactured and his opinion that firearms had traveled in interstate commerce); <u>United States v. Horsman</u>, 114 F.3d 822, 826 (8th Cir. 1997) (expert witness testimony based in part on identity of manufacturer and place of manufacture stamped on the revolver); <u>United States v. Vincent</u>, 20 F.3d 229, 236 (6th Cir. 1994) (government may satisfy its burden by testimony of witness who through personal experience knows place of manufacture of firearm, and by making witness available for cross examination); <u>United States v. Bonavia</u>, 927 F.2d 565, 567 n.2 (11th Cir. 1991) (interstate nexus expert may rely on examination of weapon and consultation of reference books); <u>United States v. Ware</u>, 914 F.2d 997, 1003 (7th Cir. 1990) (under Rule 703, Fed. R. Evid., firearms expert may reasonably rely on gun markings, ATF publications and lists, trade books, magazines and reference materials); <u>United States v. Gregg</u>, 803 F.2d 568, 571 (10th Cir. 1986) (crediting weapon specialist's testimony on location of manufacturer based on personal knowledge and experience), <u>cert. denied</u>, 480 U.S. 920 (1987); <u>United States v. Buggs</u>, 904 F.2d 1070, 1077 (7th Cir. 1990) (permitting Indiana law enforcement officers to testify Smith and Wesson handguns were manufactured in Springfield, Massachusetts); <u>cf.</u> <u>Horsman</u>, 114 F.3d at 826 n.6 (government has no duty to prove counterfeit Smith & Wesson handguns not manufactured in Minnesota); <u>United States v. Clawson</u>, 831 F.2d 909, 913 (9th Cir. 1987) (government has no duty to prove counterfeit pistols not manufactured in Oregon).  The Court therefore overrules defendant's motion on this ground.

**III.    Evidence Of Defendant's Identity As Individual Who Sold Firearm**

Defendant argues that the government presented insufficient evidence that he was the individual who sold the firearm to Agent Stuckey.  The Court disagrees.  The government presented

ample evidence which identified defendant as the individual who sold the gun. Such evidence included the testimony of Agent Stuckey, who actually purchased the gun, Special Agent Brandon Fletcher and Agent Jason Sutton. See Brown, 995 F.2d at 1502 (evidence supporting conviction must be substantial and must not raise mere suspicion of guilt); cf. White, 673 F.2d at 301 (acquittal proper only if evidence implicating defendant nonexistent or so meager that no reasonable jury could find guilt beyond reasonable doubt). The Court therefore overrules defendant's motion for judgment of acquittal or for new trial.

## IV.    Defendant's Pro Se Motion For New Trial (Doc. #35)

Defendant asks the Court to set aside the verdict and order a new trial. Under Rule 29(c) of the Federal Rules of Criminal Procedure, defendant must file a motion for judgment of acquittal "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." The rule contains no exception. United States v. Stevens, 978 F.2d 565, 569 (10th Cir. 1992). Likewise, under Rule 33(b) of the Federal Rules of Criminal Procedure, defendant must file a motion for new trial on any reason other than newly discovered evidence "within 7 days after the verdict or finding of guilty." The jury returned a guilty verdict and the Court discharged the jury on February 3, 2009. Defendant filed his pro se motion after the seven-day period and not within any court-authorized extension. The Court therefore overrules as untimely his motion to set aside the verdict and for new trial.[3] See United States v. Espino, 206 Fed. Appx. 799, 801 (10th Cir. 2006); Stevens, 978 F.2d at

---

[3]    In any event, the Court declines to consider the merits of defendant's motion because he filed it *pro se* while he is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider *pro se* motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if defendant represented by counsel, court does not accept *pro se* filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of (continued...)

569; United States v. Bertram, No. 07-cr-010-JHP, 2007 WL 3407352, at *1 (E.D. Okla. Nov. 8, 2007).[4]

To the extent defendant's motion can be construed as a supplement to counsel's timely-filed motion, the Court notes that supplemental motions under Rule 33 do not relate back to timely-filed motions. See United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998) (defendant may not add new arguments in support of new trial motion by including them in amendment filed after Rule 33 deadline expired). Defendant also seeks new counsel at a subsequent trial. Because the Court overrules his motions to set aside the verdict and for new trial, the Court overrules as moot defendant's request for new counsel.

**IT IS THEREFORE ORDERED** that Defendant Henderson's Motion For Judgment Of Acquittal Notwithstanding The Verdict Or, In The Alternative, For A New Trial And Suggestions In Support Thereof (Doc. #33) filed February 10, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's *pro se* Motion For New Trial And To Set Aside The Judgment And Request For New Legal Counsel (Doc. #35) filed March 5, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's pro se motion for new counsel (Doc. #36) is set for hearing on **April 27, 2009 at 9:30 a.m. in Courtroom 476, United States Courthouse, 500 State Avenue, Kansas City, Kansas 66101**.

---

[3](...continued)
representation").

[4]     The time limit is not jurisdictional, but it is an "inflexible claim processing rule" which mandates that the Court deny a motion if the government does not waive or forfeit the timeliness objection. Eberhart v. United States, 546 U.S. 12, 19 (2005); see United States v. Patterson, No. 04-cr-705-1, 2007 WL 1438658, at *1 (N.D. Ill. May 15, 2007).

Dated this 8th day of April, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge